UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN M. BURRUS**                                               **CIVIL ACTION**

**VERSUS**                                                       **NO. 19-11667**

**BP EXPLORATION AND PRODUCTION, INC., ET AL.**        **SECTION "B"(1)**

### ORDER AND REASONS

Considering plaintiff's motion to extend expert report deadlines (Rec. Doc. 21) and defendants' opposition memorandum (Rec. Doc. 23), **IT IS ORDERED** that the motion is granted, and relevant discovery deadlines are hereby extended as follows:

(1) Plaintiff's expert witness report deadline is hereby extended until April 15, 2022;

(2) Defendants' expert witness report deadline is hereby extended until May 2, 2022;

All other deadlines remain intact, including the pre-trial conference set for June 2, 2022 and the non-jury trial set for June 13, 2022.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Accordingly, plaintiff here must show that his expert witness reports and materials deadline cannot be met despite his diligence. *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).

1

Plaintiff argues that he needs additional time to submit an expert report because "his previous expert was disqualified in another matter," "[a]nother expert in a companion case has withdrawn his testimony," and several other experts he contacted where "unable or unwilling" to serve "due to conflict or availability." Rec. Doc. 21-1 at 1. Defendants suggest that as this case was filed eight years ago, more time will not allow plaintiff to procure an expert.[1] *See* Rec. Doc. 23 at 2. Consequently, defendants assert that plaintiff has not shown "good cause" for modifying the scheduling order. *See id.*

While plaintiff's claims have been pending for several years, reasonable efforts on both sides have been conducted to advance this case. Relatively recent developments on the admissibility of certain expert reports in B3 toxic tort cases, and other circumstances noted above, became unavoidable challenges. *See, e.g.*, *In re Deepwater Horizon BELO Cases*, No. 20-14544, 2022 WL 104243, at *2-3 (11th Cir. Jan. 11, 2022). Those developments do not appear to be the fault of any counsel of record or their respective clients. We therefore err on the side of caution and find good cause for the extension. In doing so however, we cannot ignore the reported withdrawal and declination of some experts to participate in this case for plaintiff. *See* Rec. Doc. 21-1 at 1.

---

[1] Although plaintiff's complaint was filed in the Eastern District of Louisiana on July 15, 2019, plaintiff first filed his claim in the MDL using a plaintiff profile form in 2013. *See* Rec. Doc. 1; Rec. Doc. 1-2 at 6-7.

2

If that pattern continues, granting any additional time than what is being allowed now would appear to be fruitless. *Cf. Autery v. GlaxoSmithKline, LLC.,* 496 F. App'x. 388, 590 (5th Cir. 2012). Since movant has been engaged for at least a month or more to secure a new expert with possession of relevant materials for an expert's review, a shorter than usual extension is warranted.

New Orleans, Louisiana this 4th day of April, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE